UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-03924-SVW-FFMx | Date | June 17, 2014 |
|---|---|---|---|
| Title | Maria G. Hernandez v. Ingrid Oliu, et al. | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

Plaintiff Maria G. Hernandez filed an unlawful detainer action against defendants Ingrid Oliu and others in the Los Angeles County Superior Court on March 3, 2014. Defendants filed an answer on April 30, 2014. On May 20, 2014, Defendants removed the case here, alleging federal jurisdiction under 28 U.S.C. § 1443(1).

There is a "strong presumption" against removal jurisdiction, which defendant bears the burden of overcoming. *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). 28 U.S.C. § 1443 "gives a right of removal to certain petitioners who claim federally secured rights as a defense to a state prosecution." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1971) (per curiam). A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966). *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Sandoval*, 434 F.2d at 636. "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

Defendants contend that removal is proper because "under California Civil Code he is denied or cannot enforce his equal rights to contract for and secure his property rights in the Superior Courts of the State of California on account of plaintiffs discriminatory and retaliatory acts in violation of fair housing and that specifically violate the equal protection of the laws and equal access to the courts and to due process of law. . ." (Notice of Removal at 7). In support of this claim, defendants allege that removal is justified because "there is a pervasive state statutory program which both on its face and as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-03924-SVW-FFMx | Date | June 17, 2014 |
|---|---|---|---|
| Title | Maria G. Hernandez v. Ingrid Oliu, et al. | | |

JS - 6

applied discriminates unfairly against Ethnic-Surname Americans . . . and in doing so directly violates Federal U.S. laws guaranteeing equality of access to the courts . . ." (*Id.*).  However, the Ninth Circuit has held that when "it is clear that the rights that [defendants] assert spring, not from specific statutory grants, but from the broad protections of the [United States Constitution]. . . [s]uch rights are not within the coverage of section 1443."  *Sandoval*, 434 F.2d at 636.  Here, defendants claim that the state courts will violate their rights under 42 U.S.C. §§ 1981 and 1982, the First, Fifth, Ninth, and Fourteenth Amendments and Article I  to the United States Constitution, the Americans with Disabilities Act, the Civil Rights Act, the Age Discrimination Act, and various Presidential "Executive orders" pertaining to environmental justice, Equal Opportunity, and Discrimination in housing.  (Notice of Removal at 3, 10-11).

Even assuming that defendants satisfy the first prong of the test, they cannot satisfy the second prong.  In order to meet the second prong, defendants would have to identify a "formal expression of state law that prohibits them from enforcing their civil rights in state court" or point to something that "suggests that the state court would not enforce their civil rights in state court proceedings."  *Patel*, 446 F.3d at 999.  While defendants claim that California Civil Code § 2924 violates the equal protection of the laws, the statute contains no formal expression "that purports to command the state courts to ignore the federal rights."  *Sandoval*, 434 F.2d at 636.  Defendants present numerous complaints about the way the state courts handle unlawful detainer actions, but "[b]ad experiences with the particular court in question will not suffice" to establish jurisdiction under 28 U.S.C. § 1443.  *Id.*

The Court lacks jurisdiction over the subject matter of this case.  The Clerk shall REMAND the case to the Los Angeles Superior Court.

|  | : |
|---|---|
| Initials of Preparer | PMC |